UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CITY OF PADUCAH                                                                PLAINTIFF

v.                                                                No. 5:25-cv-49-BJB-LLK

FULL GOSPEL TABERNACLE, INC., ET                                             DEFENDANTS
AL.


\* \* \* \* \*

MEMORANDUM OPINION & ORDER

This case involves a workaday state-law eviction proceeding ejected—without cause, or even explanation—into federal court. Earlier this year, the City of Paducah purchased a house located at 737 Goebel Avenue. State Court Record (DN 11-1) at 2. The City then terminated the month-to-month lease between Full Gospel Tabernacle, Inc. (prior owner of the house) and at-will tenants Matthew and Michael L. Brandenburg (who previously leased the house from Full Gospel). *Id.* at 23–28 (termination notice). The Brandenburgs didn't timely vacate, so the City filed an eviction motion in McCracken County District Court, *id.* at 1–4, which the judge granted. Following that order, the Brandenburgs[1] immediately filed a *pro se* notice of removal to this Court, citing federal-question jurisdiction (as well as a smattering of other federal jurisdictional statutes). Notice of Removal (DN 1) at 1 (citing 28 U.S.C. §§ 1331, 1367, 1441, and 1446). But they did not file the required state-court record, *see* LR 81.1(a), or assert any colorable basis for jurisdiction, *see* 28 U.S.C. § 1446(a). Instead, they merely asserted that "[r]emoval is made pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction." DN 1 at 1. No federal statute or right appears in the notice other than the jurisdictional statutes listed above. The

---

[1] During Magistrate Judge King's second telephonic status conference, Megan Brandenburg appeared, purportedly on behalf of her family members (Matthew and Michael). She was not, however, a party or otherwise properly before the Court a non-lawyer may not represent another person, whether kin, corporate, or otherwise. *See U.S. S.E.C. v. Merklinger*, 489 F. App'x 937, 939–40 (6th Cir. 2012). She advised the Court that Michael Brandenburg had recently passed away, DN 10, though no suggestion of death has been filed, *see* FED. R. CIV. P. 25. So no one has properly appeared on behalf of Full Gospel, whose consent to the removal is required by 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."). And the late Michael Brandenburg, or his estate, is not properly before this Court even assuming he was to begin with. So Matthew Brandenburg may be the only *de facto* defendant before the Court.

notice also includes a drive-by reference to "an allodial land patent to which the Federal Government is bound"—but nothing more explaining what this means or why it implicates a federal claim asserted in the City's eviction lawsuit. *Id.*

After four months and plenty of warnings from an ever-patient Magistrate Judge, the Brandenburgs still have failed to identify any federal question at issue. *See* Notice of Deficiency (DN 4); Order Scheduling First Status Conference (DN 8); Order Scheduling Second Status Conference (DN 10); Order to Respond (DN 12). The Plaintiff now moves for remand and attorney's fees. DN 11.

\*

The party invoking jurisdiction "bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008) (citation omitted). Federal-question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). This typically means that a defendant may remove a case filed in state court if the complaint includes a cause of action created by federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311–12 (2005); 28 U.S.C. § 1441(a).

The Defendants describe the cause of action as an "illegal eviction following unlawful sale of property[.]" Civil Cover Sheet (DN 1-2) (cleaned up). This does not appear to be a cause of action available under federal law for private parties disputing private property under state law. So the case is not removable based on federal-question jurisdiction. The parties appear to all be domiciled in Kentucky, so diversity jurisdiction doesn't offer a way into federal court, either. No Defendant argues otherwise.

Instead, as grounds for removal, the Brandenburgs cite "*U.S. v. Debell,* 227 F. 270"—which appears to refer to 227 F. 771 (8th Cir. 1915), a dispute over land held in trust for a Sioux woman and sold to a bona fide purchaser. Notice of Removal at 2. That precedent of course is not binding here, doesn't mention allodial rights in any event, and has no apparent bearing on this dispute between a municipal owner and at-will lessees. Nor does the reference to "an allodial land patent[2] to which the Federal Government is bound"—appear in an allegation found in the complaint. *Id.* These allodial arguments appear to have never succeeded before any court to consider them. *See, e.g., Reutov v. PHH Mortg. Servicing*, No. 3:23-cv-1172, 2024 WL 3402882, at \*5 (D. Or. Apr. 8, 2024) (collecting cases). Bearing more than a passing resemblance to Sovereign Citizen arguments in the criminal context, civil-removal

---

[2] An allodial title or patent purports to "create[e] absolute ownership in the title holder," with such "rights" sometimes claimed "by property owners who believe that they can use these devices to prevent foreclosure." *Reutov v. Am. Home Mortg. Acceptance Inc.*, No. 3:23-cv-1172, 2024 WL 232315, at \*4 (D. Or. Jan. 22, 2024) (internal quotation marks and citation omitted). This is, at best, "an archaic concept not recognized in modern United States law." *Id.*

arguments have been dubbed "frivolity on stilts." *State of Wis. v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). Even assuming there was anything to this theory, that wouldn't matter because this slippery defense appears nowhere in the Complaint, which is where a federal question must be found. Removal doesn't turn "on any issue the defendant may raise." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citation omitted).

After the City filed a motion to remand, the Brandenburgs filed a response on these clearly meritless grounds. They argue only that the motion is untimely. DN 14 at 3. But it isn't: 28 U.S.C. 1447(c) allows motions to remand based on lack of subject-matter jurisdiction to be made at any time. Moreover, the Court is required to remand if it ever determines that subject-matter jurisdiction is lacking. *Id.*; FED. R. CIV. P. 12(h)(3). Accordingly, the Court grants the motion to remand this case to the McCracken County District Court (DN 11).

\* \*

The City also seeks costs and fees related to removal. 28 U.S.C. § 1447(c) authorizes a district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize [Congress'] desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" *Id.* at 140.

If ever taxing costs and fees for unwarranted removal were appropriate, this must be the case. The notice of removal rests on a seemingly irrelevant and miscited precedent and a patently frivolous argument. "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015) (citation omitted). Nothing in the record indicates that the Brandenburgs had an objectively reasonable basis to believe that the City's Complaint could properly be removed. Nor does the Brandenburgs' opposition brief address any of the arguments made in the City's motion. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (affirming fee award in similar circumstances).

Even accepting the adventurous terms of the "allodial title" argument, the Brandenburgs weren't even titleholders—just lessees of a lessor who ceased to control the property. And nothing else about this foreclosure effort by a municipality against an at-will tenant appears to implicate any provision of federal law; certainly the Brandenburgs point to nothing of the sort. Yet they removed anyway, delaying their own dispute by months—and those of other litigants as well, as the Magistrate Judge and District Judge worked to first decipher and then dispose of a dispute than never

belonged in federal court. All to return the case to state court for enforcement of that judge's months-old order.

This strongly suggests that the notice of removal was filed not in good faith, but for purposes of delay, on the day when the McCracken District Court ordered eviction. The Clerk of this Court promptly provided notice that the Brandenburgs had not filed the state-court record (which would have clearly shown that the case was not removable) with their notice. *See* Notice of Deficiency (DN 4). The Magistrate Judge entered multiple orders and held two telephonic status conferences, bending over backwards so the removing parties might cure this deficiency. *See* DNs 8, 10, & 12. Still the Brandenburgs waited until the last day to respond to the motion to remand and, when they did, never addressed any of the Court's concerns.

In order to compensate the Plaintiff and deter misuse of the federal courts in the future, the Court grants the motion for attorney's fees and costs (DN 11). The Plaintiff may file supplemental affidavits and briefing in support of the appropriate award within 14 days of this order's entry.