**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CITY OF PADUCAH** PLAINTIFF

**v.** **No. 5:25-cv-49-BJB**

**FULL GOSPEL TABERNACLE, INC., ET AL.** DEFENDANTS

* * * * *

**OPINION & ORDER REGARDING PLAINTIFF'S REQUESTED ATTORNEY'S FEES**

The Court previously remanded this removed case to McCracken (County) District Court. *See* Opinion & Order (DN 17). And because the removing Defendants—the Brandenburgs—lacked an "objectively reasonable basis for removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005), the Court granted the City's motion for attorney's fees. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). But the City's initial attorney's fees motion did not include a requested amount, hours billed, or billable rates. *See* Plaintiff's Motion (DN 11) at 5. So the Court directed the City to file supplemental affidavits and briefing in support of the award. Opinion & Order at 4.

In response to that order, the City's lawyer, Kristen Krueger, submitted an affidavit of attorney's fees and costs. *See* Affidavit (DN 18). This short (single-page) affidavit is short on numbers. It includes only three: an hourly attorney rate of $195.00, an hourly paralegal rate of $110.00, and total fees of $5,066.62. *Id.*[*] That's not enough for a judge to determine whether the fees requested are "reasonable." *Sinclair v. Meisner*, --- F.4th ---, 2026 WL 2254663, *3 (6th Cir. Aug. 5, 2026). And that's true even though the fee request is a relatively modest $5,066.62. Although district judges routinely approve fees derived from similar hourly rates, those approvals typically rest on affidavits including "a description of work performed, relevant hourly rates, and the number of hours expended by each person." *Broad.*

[*] After a few weeks passed with no response from the Brandenburgs, the Court prompted them to file a response, including any objections, to the City's fees and costs. *See* DN 19. But the Brandenburgs never responded. Despite that lack of opposition, the City still bears the "burden to demonstrate that [its] requested hours were reasonable." *Sinclair v. Meisner*, --- F.4th ---, 2026 WL 2254663, *3 (6th Cir. Aug. 5, 2026).

*Music, Inc. v. Lockhart*, 2019 WL 1560873, at *2 (E.D. Ky. Apr. 10, 2019), *aff'd*, 2020 WL 2511335 (6th Cir. Mar. 27, 2020). Krueger's affidavit, by contrast, lacks the number of hours she or her paralegal worked or a description of the work each did. Nor does it include the "prevailing market rate," which is often "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Absent that information, the Court cannot yet determine that the requested fee is "appropriate." Opinion & Order at 4.

## ORDER

The Court directs the City to file, by August 27, 2026, a supplemental affidavit that addresses the hours worked, the attorney's and paralegal's experience, and any other information relevant to determining whether the requested fees are "reasonable." If a short accompanying motion or brief would, in the City's view, aid that discussion, it may file one as well.

Benjamin Beaton, District Judge
United States District Court

August 14, 2026